PííARSON, C. -J.
The negro girl for- whom the note in controversy was given, was recovered by fhe plaintiff in right oí his wife, in a suit in Virginia. When the negro was sold the plaintiff said, she. was bis wile’s property¿ and she could do what she pleased with'her.” His wife joins the plaintiff in executing the bill of sale, and (he note is made payable to her and teas delivered to her. There is no proof that the plaintiff ever took the note into hi3 possession, or had any thing to do with it; and we are satisfied by the pleadings and proofs, that the plaintiff’s wife traded the note to Gamble for a tract of land, and afterwards aa- *50 signed bcr contract to Carson, who paid to her the amoupt of the note. -This dealing by the wife of the plaintiff was dose through the agency of Joshua Bracking, who indorsed the note to Gamble, to whom the defendant Parks paid the full amount. The allegation of the plaintiff that he. notified Parks not to pay the iv.ts If arc he had paid it, is not .proved.
The case turns on the valhkty of the payment made by Parks to Cambie: which is a nitre question of laic ; and the plaintiff comes ir,to ihis court, not on the ground of au equity against Parks, but on -he collateral fact, that the asóte has without his concurrence or consent, got into the possession of Park?, whereby the remedy at' law is obstructed.
As the plaintiff roglcetc 1 to notify Parks not to pay the sote, before he had nab! it. and r3 Parka paid the full 2mount innocently, to (íun.L.e a bona hide holder. Loving the indorsement c-f Crock kg, a Court of Equity might well he.-itiste whether it d.msh! decline .tointerfere. and leave the plaintiff ro ’.¡C remedy f¡t law, if upon the facts t.!ie court was of oi-'r-b n.thrt. “ streiksimi juris” il.e pay-sns/.t was not~ ainl.' P>u* w ■ of opinion that the pay-men!; was valid-?’ d :’/• >'< bl N-vol-v discharged.
Tim leg;.. \' f - ;-:;e, promissory nolo or 'bond for tl.e \ :e'.r ;;•< . r cgotVble V*y statute, can only he passed Vy - -a-yemt: h.:t the e'¡"Sdvhle nieve-.1 may he aeouircd by i-;. ,v out iriu-Vt-eriKir! : and •payment to a Con;? fdo h< 1 lor Without indorsement, who 'has purchased the r.óte "c •• t and on payment hands it to the obligor. Is a valid ; lywonl-and discharges the bend.
The possession or the neto or bond, connected with tbe fact that it had been aoyr.rf-d by purchase, is full evidence of an authority to receive the mci:c-y. This is a matter of *51 ■every day’s occurrence, and when a man presents a nóte which he has “ traded for,” although there is no-endoi’se-rhent by the payee, the obligor' pays the amount and “ lifts the note” as it is usually expressed, on the. ground, that the possession of a note or bond by one who has purchased it of the payee, is evidence of a power of attorney, which' authorizes the holder to receive the amount to hi's own use. , '
The plaintiff’s right to treat the payment by Parks to Gamble who delivered the bond up to him, as.a nullity, is put on the ground that Gamble was not a loria fide purchaser, for Bracking had no right to sell the bond. This de« pends on the fact whether the plaintiff’s wife had authorized Bracking to do so, and that depends on the fact whether the plaintiff .had made his wife Ms agent in respect to the transaction concerning the negro. So the case is reduced to this, doés the evidence’sustain the inference, that the plaintiff had in respect to the slave Beck, and the note executed'as a security for the price'at which she was sold cxpross:y or by implication, constituted his "Wife an agent to sell the slave and receive the purchase money. We are satisfied by the evidence that such is the fact. The plaintiff’ said “ the negro was his wife’s property and she could do as she pleased with her.” The wife joins in the execution of the hill of sale, and the note is made payable to her, is delivered to her and is never taken into his possession. Albof which tends to show that in respect to the negro and the note -taken as' her price, the plaintiff supposed his wife had a right to do as she pleased, and either expressly or by implication, made her his agent to enable her to do' so. .
The plaintiff' has failed to establish his , equity.
Bill dismissed: